PROB 12B  
(08/16)

July 24, 2025  
pacts id: 7969571

# UNITED STATES DISTRICT COURT
# FOR THE
# SOUTHERN DISTRICT OF CALIFORNIA

**Request for Modifying the Conditions or Term of Supervision**
(Probation Form 49, Waiver of Hearing is Attached)

**Name of Offender:** Johnathan Ryan McGuire (English)    **Dkt. No.:** 22CR01395-001-TWR

**Name of Sentencing Judicial Officer:** The Honorable Todd W. Robinson, U.S. District Judge

**Sentence:** Five months' custody; followed by three years' supervised release. *(Special Conditions: Refer to Judgment and Commitment Order.)*

**Date of Sentence:** February 10, 2023

**Date Supervised Release Commenced:** June 20, 2023

**Prior Violation History:** None.

## PETITIONING THE COURT

**TO MODIFY THE CONDITIONS OF SUPERVISION AS FOLLOWS:**

**To Remit:**

**(Special Condition):**
Submit your person, property, house, residence, vehicle, papers, [computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media,] or office, to a search conducted by a United States probation officer. Failure to submit to a search may be grounds for revocation of release. The offender must warn any other occupants that the premises may be subject to searches pursuant to this condition. An officer may conduct a search pursuant to this condition only when reasonable suspicion exists that the offender has violated a condition of his supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

**To Add:**

**(Special Conditions):**
Submit to a search of person, property, house, residence, office, vehicle, papers, cellular phone, computer or other electronic communication or data storage devices or media effects, conducted by a United States Probation Officer or any federal, state, or local law enforcement officer, at any time with or without a warrant, and with or without reasonable suspicion. Failure to submit to such a search may be grounds for revocation; you shall warn any other residents that the premises may be subject to searches pursuant to this condition.

**(Special Condition)**
Not use or possess any computer, computer-related devices (pursuant to 18 U.S.C. § 1030(e)(1)), which can communicate data via modem, dedicated connections or cellular networks, and their peripheral equipment, without prior approval by the court or probation officer, all of which are subject to search and seizure. The offender must consent to installation of monitoring software and/or hardware on any computer or computer-related devices owned or controlled by the offender that will enable the probation officer to monitor all computer use and cellular data. The offender must pay for the cost of installation of the computer software.

PROB12B
Name of Offender: Johnathan Ryan McGuire  July 24, 2025
Docket No.: 22CR01395-001-TWR  Page 2

**(Special Condition)**
Not have any contact, direct or indirect, either telephonically, visually, verbally or through written material, or through any third-party communication, with the victim(s), S. Sims Concha and L. Ramirez, or victim's family, without prior approval of the probation officer.

**(Special Condition)**
Abstain from the use of any and all alcohol, and not be present in (or frequent) places where alcohol is the main item of sale.

## CAUSE

On or about February 24, 2025, a request for a Domestic Violence Restraining Order was filed in the Superior Court of California, San Diego, North County Regional Center by the identified victim, S. Sims-Concha. The order was filed by the victim, stating that Mr. McGuire was excessively messaging her on social media platforms, Facebook, messaging applications, and through text messages. Additionally, she reported he would facilitate audio and video calls more than a dozen times a day. As a result, she blocked his numbers and accounts. However, he would create new fake accounts or use new numbers to attempt to contact her. She reported the messages to be sexual in nature, rude, vulgar, threatening, and inappropriate. She produced documentation of the correspondence, which was filed in support of her statements. She noted his behaviors and verbal threats went beyond online and included threats towards her and her family to be carried out in person. Specifically, threats that he would appear at her younger brother's upcoming memorial. Additionally, she reported that she believed Mr. McGuire was in possession of firearms and expressed fear for the safety of herself, her family, and the safety of her children.

In response to the new information and reports that Mr. McGuire may be in possession of firearms, on April 2, 2025, the U.S. Probation Office initiated a search of Mr. McGuire's residence. No weapons, to include firearms, were observed or seized from the residence as a result of the search. However, Mr. McGuire's electronic devices were seized, to include his cell phone and laptop, with the intent of initiating a more thorough forensic evaluation of the content of the devices.

On May 6, 2025, the San Diego County Superior Court of California, Case No. 25FDV00798N, granted the victim's request and imposed a three-year Domestic Violence Restraining Order, which will expire May 6, 2028.

A forensic review of the devices seized on April 2, 2025, was completed and the contents revealed and supported the statements by the victim, noted above. Additionally, following the review, it was determined that Mr. McGuire was fixated on more than one female, to include but not limited to, his sister-in-law. Mr. McGuire's searches, conduct, and messaging applications were sexual in nature, vulgar, and consistent with stalking behaviors. He established several on-line identities, email addresses, and accounts. He acknowledged to another individual, as being banned from the social media platform, Instagram, for being too "opinionated". Mr. McGuire was obtaining content of the sister-in-law off social media sites and utilizing applications to modify and distort photos he was obtaining. He was also capturing video or images of her, without her awareness in the home which they share. Mr. McGuire's searches included how to "spy on sister-in-law" and he went as far as to order cameras with the ability and intent to conceal them in everyday objects such as a smoke detector; tissue box, or GFI switch. His conduct was escalating beyond obsession, verbal threats, to planning and action.

Mr. McGuire was called into the U.S. Probation Office by the undersigned and confronted about the conduct to include the results of the forensic review. He was emotional, vulnerable, and transparent. He did not deny any of the information presented. He admitted to being consumed with obsessive thoughts that he could not manage and were escalating beyond his control. He admitted the language if reviewed or heard by others, would be considered

violent, vulgar, sadistic, threatening, and sexual in nature. He explained that following the birth of his newborn, his relationship with his wife became complex. He reported feelings of life being "mundane" and noted that he started consuming alcohol daily.

Based on the risks presented, specifically to the sister-in-law and to Mr. McGuire, based on his presented mental and emotional state, the undersigned initiated several efforts, to mitigate the overall risk. Mr. McGuire's individual psychiatrist and therapist with the VA was contacted. Mr. McGuire was seen promptly and was placed on anti-psychotic medication to address mood stabilization and obsessive-compulsive behaviors. The clinician reported that Mr. McGuire was honest and amenable to treatment interventions. He has been regularly attending individual therapy to address his treatment needs.

The probation officer also ensured that Mr. McGuire was willing to take accountability for his conduct, this included his communication, behaviors, and actions that presented a possible risk to others. Thus, ensuring third party risk was addressed and could be verified by the undersigned.

In view of the recent conduct which mirrors that of the conduct outlined in the instant offense, it is believed the additional recommended *special* conditions are necessary in order to address the risk he presents and to appropriately supervise the offender in the community. In the instant offense and in the more immediate conduct, the commissions of his crimes have been solely initiated through an electronic device which had the ability to connect to the internet. He was and has been utilizing text messages, social media platforms, email, and messaging applications to further cause harm by means of stalking, verbal threats, and harassment. The computer monitoring condition will serve as a supervision tool to further monitor victim contact, associations, inappropriate internet use, and the monitoring of other high-risk behaviors. Therefore, it is the probation officer's assessment and recommendation that the modification request for the *special* conditions noted above are valuable in the goal of deterrence and community safety. Mr. McGuire has signed the attached Waiver to Modify Conditions of Supervised Release, indicating he is in agreement with the recommended conditions. Therefore, it is respectfully recommended the conditions of supervision be modified as noted above.

Respectfully submitted:                          Reviewed and approved:

by: *Michelle Pearson*                           *Ymelda Valenzuela*

Michelle Pearson                                 Ymelda E. Valenzuela
Sr. U.S. Probation Officer                       Supervisory U.S. Probation Officer
(619) 446-3827

Attachments:

                                                                      bmc

**THE COURT ORDERS:**

__X__  THE MODIFICATION OF CONDITIONS AS NOTED ABOVE

_____  OTHER _____

*Todd Robinson*                                  7/28/2025

The Honorable Todd W. Robinson                   Date
U.S. District Judge